UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BRENDA BUNNELL,

                   Plaintiff,

           ·against·

LAW OFFICES OF
MITCHELL N. KAY, P.C.

                Defendant.

-----------------------------------------------------------X

MAR 16 2010

U.S.D.C. S.D.N.Y.
CASHIERS

JURY DEMANDED

## Complaint

### *Introduction*

1.     Plaintiff is a consumer who has been subjected to Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and New York General Business Law ("GBL") § 349. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices.  New York GBL § 349 prohibits deceptive acts and practices in any business conducted in New York State.

### *Jurisdiction and Venue*

2.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

1

4.     Venue is proper in this district under 28 U.S.C. § 1391(b), because the defendant has offices and transacts business in this district, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Parties

5.     Plaintiff Brenda Bunnell (Plaintiff or Bunnell) is a citizen of New York State who resides within this District.

6.     Bunnell is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

7.     Defendant Law Offices of Mitchell N. Kay, P.C. (Defendant or MNK) is a law firm engaged in the business of collecting debts in New York State.

8.     Defendant's principal place of business is located at 7 Penn Plaza, 18th Floor, New York, New York 10001.

9.     Upon information and belief, MNK's principal purpose is the collection of debts using the mails, telephone and litigation.

10.     Upon information and belief, MNK regularly attempts to collect debts alleged to be due another using the mails, telephone and litigation.

11.     Defendant MNK is a "debt collector," as defined by FDCPA § 1692a(6).

2

*Factual Allegations*

12.     On March 31, 1993, Plaintiff entered into a Stipulation of Settlement with Chase Manhattan Bank ("Chase") to pay $7000.00 in full satisfaction of a debt Plaintiff owed to Chase.  At that time, Chase was represented by Defendant Law Offices of Mitchell N. Kay.  A copy of the Stipulation is attached as Exhibit A.

13.     Although Plaintiff has never lived outside of Bronx County, the Stipulation dated March 31, 1993, was captioned in Civil Court of the City of New York, County of New York.

14.     Upon information and belief, Defendant never filed a summons and complaint or purchased an index number for Chase's claim against Plaintiff.

15.     Furthermore, upon information and belief, Defendant drafted the Stipulation dated March 31, 1993, to include a false index number, 12966/92.

16.     Upon information and belief, New York County Civil Court Index Number 12966/92, was assigned to an unrelated claim, brought by a law firm other than Mitchell N. Kay on behalf of a plaintiff other than Chase.

17.     Upon information and belief, Chase has never brought a claim against Brenda Bunnell in Bronx County Civil Court.

18.     Sometime after April 15, 1993, due to significant financial constraints, Plaintiff was unable to make payments under the Stipulation of Settlement dated March 31, 1993.

19.     In or about May 2004, Defendant sent a communication to Plaintiff indicating that it represented MKM Acquisitions, LLC, who had allegedly acquired

Plaintiff's obligation from Chase.  Although it was over 10 years since Plaintiff stopped making payments to Chase, well beyond the Statute of Limitations to sue, and well beyond the one-year CPLR time-limit for moving for default, Defendant demanded that Plaintiff pay a total of $7,372.87 to Defendant, on behalf of MKM Acquisitions, LLC, as assignee of Chase.

20.     As a result of that communication, Plaintiff agreed to pay Defendant $25.00 per month until the alleged debt of $7,372.87 was satisfied.  Plaintiff and Defendant further agreed that no interest would accrue on the alleged debt during the repayment period.

21.     Thereafter, Plaintiff began paying $25.00 each month.  In return Defendant sent a monthly acknowledgement of each $25.00 payment.

22.     Each of Defendant's monthly acknowledgements showed a balance statement that reflected a $25.00 decrease from the previous month's balance with no interest accruing.

23.     The acknowledgement mailed to Plaintiff on or about March 4, 2009, showed a balance allegedly due of $5,772.87.  A copy of the March 4, 2009 acknowledgement is attached as Exhibit B.

24.     From March through June of 2009, Plaintiff continued to make monthly payments of $25.00.  Defendant, however, did not send the usual acknowledgements after each payment during that period.

4

25.     In late June of 2009, Plaintiff called Defendant's office to inquire about Defendant's failure to send acknowledgements for her three payments in March, April and May.

26.     During the June 2009 phone conversation Defendant's employee, "Miles", told Plaintiff that her $25 monthly payments were only covering interest and that she would have to increase the amount of her payments if she wished to pay off the alleged debt.  Plaintiff explained to "Miles" that according to her 2004 agreement with Defendant, no interest was accruing on the alleged debt.  "Miles" told Plaintiff that she was mistaken and demanded that Plaintiff pay more than $25 per month in order to pay off the alleged debt.

27.     On or about July 9, 2009, Defendant sent Plaintiff an acknowledgment of her $25 payment from the previous month.  A copy of the acknowledgment is attached as Exhibit C.

28.     Exhibit C states a balance due of $16,423.06 and demands a monthly payment of $50.00.

29.     On or about August 20, 2009, Defendant sent Plaintiff a letter demanding payment for a "past due" amount of $50.00.  A copy of the demand letter is attached as Exhibit D.

30.     Exhibit D states a balance due of $16,504.02.

31.     On or about September 20, 2009, Defendant sent Plaintiff another letter demanding payment for a "past due" amount of $100.00.  A copy of the demand letter is attached as Exhibit E.

5

32.   Exhibit E states a balance due of $16,558.62.

33.   On September 26, 2009, Plaintiff called the Defendant and spoke with one of Defendant's employees. Plaintiff disputed the new balances and demands for higher monthly payments that appeared on the July 9, 2009, August 20, 2009, and September 20, 2009 letters from Defendant.

34.   Defendant's employee told Plaintiff that her account had "been taken back by Chase," and that Plaintiff should now "get in touch with Chase," because the debt was "no longer with the Law Offices of Mitchell N. Kay."

35.   On or about October 16, 2009 Defendant sent Plaintiff a letter advising that her "account has been referred to this office;" and that "[t]his letter shall serve as a demand upon you for payment of the judgment balance indicated above." A copy of this letter is attached as Exhibit F.

36.   Exhibit F states a balance due of $16,611.34.

37.   On October 29, 2009 Plaintiff sent a letter to Defendant disputing the debt and requesting proof of the "judgment" referred to in Defendant's October 16, 2009 letter. To date, Plaintiff has not received any response from Defendant. A copy of Plaintiff's dispute is attached as Exhibit G.

38.   Upon information and belief, no judgment has been entered against Plaintiff in either New York County Civil Court or Bronx County Civil Court at any time since January 1, 1992.

39.     After five months of phone calls and written requests for information, Defendant has failed to provide any proof of judgment or any explanation for why it has begun charging interest on what it now claims is a "judgment balance."

40.     The alleged debt that Defendant sought to collect from Plaintiff arose out of transactions that were incurred primarily for personal, family, or household purposes.

41.     The alleged debt that Defendant sought to collect from Plaintiff is a "debt," as that term is defined by § 1692a(5) of the FDCPA.

COUNT I
Violations of §§ 1692e and f of the
Fair Debt Collection Practices Act, and their subsections

42.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

43.     Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt. Specifically, FDCPA § 1692e(2)(A) states that a debt collector cannot make a "false representation of the character, amount, or legal status of any debt." FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

45.     Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."  Specifically, FDCPA § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

46.     Defendant's letters dated July 9, 2009, August 20, 2009, September 20, 2009 and October 16, 2009 violate 15 U.S.C. § 1692e(2)(A) because they misrepresent the amount of the debt allegedly owed.  Furthermore, Defendant's letters violate 15 U.S.C. § 1692(f)(1) because they attempt to collect interest that, upon information and belief, is not expressly authorized by agreement or law. These are also false and deceptive acts under 15 U.S.C. §§ 1692e and e(10), and unfair and unconscionable acts under 15 U.S.C. § 1692f.

47.     Defendant's communications with Plaintiff in the September 26, 2009 phone conversation violate 15 U.S.C. § 1692(e)(2)(A) because Defendant's employee misrepresented the character and legal status of the debt.  Furthermore, Defendant's October 16, 2009 letter violates 15 U.S.C. § 1692(e)(2)(A) because it misrepresents the character, legal status, and amount of the debt.  These communications are also false and deceptive acts under 15 U.S.C. §§ 1692e and e(10), and unfair and unconscionable acts under 15 U.S.C. § 1692f.

48.     Defendant's violations of 15 U.S.C. §1692, *et seq.*, render it liable to Plaintiff.

49.    As a result of Defendant's deceptive and unfair debt collection

practices, Defendant is liable to the Plaintiff.

### COUNT II
*Violations of New York General Business Law § 349*

50.    Plaintiff hereby restates, realleges, and incorporates herein by

reference all foregoing paragraphs as if set forth fully in this Count.

51.    Under New York General Business Law § 349, deceptive acts or

practices in the conduct of any business conducted in the State of New York are

unlawful.

52.    GBL § 349 provides in relevant part as follows:

    a.    *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

    h.    *In addition to the right of action granted to the attorney general pursuant to  this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

53.    By unlawfully pretending that a lawsuit had been filed, attempting to

collect on an alleged debt more than one year after default under a settlement

agreement, changing the terms of a payment agreement, demanding payment of an

amount three times greater than what was agreed, demanding payment of interest

9

without legal or contractual authority, falsely reporting to Plaintiff that the original creditor still had ownership of the debt, and misstating that there was a judgment against Plaintiff, Defendant has committed materially misleading and consumer-oriented acts that have caused Plaintiff to suffer actual injury in the form of emotional distress.

54.     Upon information and belief, Defendants regularly utilize deceptive practices as described above in an attempt to collect consumer debts.

55.     Defendant's actions have a broad impact on New York consumers at large.

56.     As a direct and proximate result of Defendant's deceptive acts and practices, committed in willful and knowing violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's deceptive collection practices.

57.     Defendant is liable to Plaintiff for violations of GBL § 349.

### *Demand for Jury Trial*

58.     Plaintiff demands a trial by Jury.

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor and that judgment be entered against Defendant for the following:

(A)     Actual damages;

(B)     Statutory damages;

(C)   Civil Penalties;

(D)   Punitive Damages;

(E)   Attorneys' fees, litigation expenses and costs;

(F)   A declaration that Defendant's July 9, August 20, September 20, and October 16, 2009 letters violate the FDCPA; and

(G)   Any other relief that this Court deems appropriate under the circumstances.

Dated:   New York, New York
March 16, 2010

Respectfully submitted,

By: _____
Brian L. Bromberg
One of Plaintiff's Attorneys

Attorneys for Plaintiff
Brian L. Bromberg
Peter T. Lane
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

11

# Exhibit A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CHASE MANHATTAN BANK
                         Index No. 12966/92
          Plaintiff
                       STIPULATION OF SETTLEMENT

-against-

BRENDA O. BUNNELL
                    Defendant

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned
parties to the above entitled action as follows:

      1.   The defendant(s) appear(s) herein generally, admit(s) service
of the summons and complaint, acknowledge(s) that he/she/they is/are not
in military service and consent(s) to the jurisdiction of this Court.

      2.   The defendant(s) admit(s) being indebted to the plaintiff
in the sum of $ 6,755.80       with interest from 5/24/92
on the amount of $ 6,755.80

      3.   The defendant(s) agree(s) to pay and the plaintiff agrees
to accept the sum of $ 7,000.00 in full settlement of this action, the
payment of which shall be made by the defendant(s) to MITCHELL N. KAY, ESQ.,
at 7 Penn Plaza, New York, New York 10001 as follows:

      a) Payments of at least $50.00 per month are due by the
Fifteenth day of each month for Nine consecutive months beginning April 15, 1993.
b) Thereafter, beginning January 15, 1994, monthly payments of at least
$100.00 per month are due by the Fifteenth day of each month until $7,000.00

      4.   In the event that the defendant(s) default(s) in making any
of the payments required to be made by this stipulation, the plaintiff shall
give to the defendant(s) five (5) days written notice, to the address stated
below, to cure such default. If, after the giving of such notice, the defen-
dant(s) fail(s) to cure any such default, plaintiff shall have the right to
enter judgment against the defendant(s) for the sum of $ 6,755.80     plus
$ — 0 —     attorney fees, plus interest, costs and disbursements,
and shall give credit to the defendant(s) upon the execution thereof for any
payments made hereunder.

      5.   This stipulation can only be changed or modified by a writing
signed by the parties hereto.

      6.   If the summons and complaint herein have not been filed in
Court as provided for by statute, the defendant(s) consent(s) to the filing
thereof by the plaintiff beyond the statutory period, nunc pro tunc.

DATED: March 31, 1993        MITCHELL N. KAY
                               Attorney for Plaintiff
                   By: _____
BRENDA O. BUNNELL              BARRY M. RATTNER
Address: 2433 Valentine Ave
713 365-1717         Bronx N.Y. 10458 #2N

# Exhibit B

PO Box 9006
Smithtown, NY 11787-9006
31 62 00007621
596162
03813153N20304090.346000MKMMPR

**PERSONAL AND CONFIDENTIAL**

**Call Toll Free:**
**1-800-275-4860**

7 Penn Plaza
New York, NY 10001
\*\*\* admitted in New York
& Washington D.C.

March 4, 2009

BRENDA O BUNNELL
2433 VALENTINE AVE APT 2N
BRONX NY 10458-5348

*Office Hours: Mon-Thurs  8:00am - 9:00pm EST*
*Friday        8:00am - 6:00pm EST*
*Saturday      8:00am - 12:00 Noon EST*

Reference Number ▸ 03813153-11

| Account Number | | RE ▸ BRENDA BUNNELL | |
|---|---|---|---|
| | | Balance ▸ $5,772.87 | |
| Creditor ▸ MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA | | | |

This will acknowledge, with thanks, your payment of $25.00 for the above referenced account. Please make sure your next payment of $5,772.87 arrives by the 10TH of each month so that your payment p an is kept current.

Please include the reference number with your payment.

If you have any questions regarding this account, please contact this office at the number(s) provided above.

Please cut off the bottom portion of this letter, fill in completely, and include it with your next payment. We have enclosed a return envelope for your convenience.

You are invited to visit our website **www.lawofmnk.com** to resolve this debt privately  or to write to us or to update your personal information.

Paid
$25.00
4/2/09
assur unicon 07-02971 2335

**PLEASE ADDRESS ALL PAYMENTS TO:**
Law Offices of Mitchell N. Kay, P.C.
7 Penn Plaza, New York, NY 10001-3995

**Notice: Please see reverse side for important information.**

▾ Detach Here ▾        Please return bottom portion with payment.        ▾ Detach Here ▾

# Exhibit C

# Law Offices of Mitchell N. Kay, P.C.

**N.Y. Office**
7 Penn Plaza
New York, NY 10001
**Admitted in New York & Washington D.C.**

*Call Toll Free:*
*(800) 275-4860*

*Office Hours:*
*Mon.-Thurs. 8:00 am to 9:00 pm EST*
*Friday 8:00 am to 6:00 pm EST*
*Saturday 8:00 am to 12:00 Noon EST*

July 9, 2009

Reference Number ▶ 03813153-11

| Account Number ▶ | | RE ▶ BRENDA BUNNELL |
|---|---|---|
| | Balance ▶ $16,423.06 | |
| Creditor ▶ MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA | | |

This will acknowledge, with thanks, your payment of $25.00 for the above-referenced account. Please make sure your next payment of $50.00 arrives by the 15TH of each month so that your payment plan is kept current.

Please include the reference number with your payment.

If you have any questions regarding this account, please contact this office at the number(s) provided above.

Please tear off the bottom portion of this letter, fill it in completely, and include it with your next payment. We have enclosed a return envelope for your convenience.

You are invited to visit our website **www.lawofmnk.com** to resolve this debt privately, or to write to us or to update your personal information. At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account.

## PLEASE ADDRESS ALL PAYMENTS TO:
Law Offices of Mitchell N. Kay, P.C.
7 Penn Plaza, New York, NY 10001-3995

**Notice: Please see reverse side for important information.**

74CSMNKP02MPR

***Please Detach Lower Portion and Return with Payment***
MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA

*Law Offices of Mitchell N. Kay, P.C.*
PO Box 9006
Smithtown, NY 11787-9006
RETURN SERVICE REQUESTED
03813153M20709090.000000MKHMPR

Reference #: 03813153-11
Balance: $16,423.06
Amount Enclosed: $_____

☐ Check here if new address information listed on back

July 9, 2009

0381315311-MPR     192838958
PERSONAL AND CONFIDENTIAL
BRENDA O BUNNELL
2433 Valentine Ave Apt 2N
Bronx NY 10458-5348

SEE REVERSE
SIDE FOR
REMITTANCE ADDRESS

003813153115070909000005000500000000001642306 4MPR

# Exhibit D

# Law Offices of Mitchell N. Kay, P.C.

**\*\*N.Y. Office\*\***
7 Penn Plaza
New York, NY 10001
\*\*Admitted in New York & Washington D.C.\*\*

**Call Toll Free:**
**(800) 275-4860**
**Ms. Erwin**

*Office Hours:*
Mon.-Thurs. 8.00 am to 9:00 pm EST
Friday 8:00 am to 6:00 pm EST
Saturday 8:00 am to 12:00 Noon EST

August 20, 2009

### Reference Number ► 03813153-11

| Account Number ► | | RE ► BRENDA BUNNELL | |
|---|---|---|---|
| | Balance ► $16,504.02 | | |
| Creditor ► MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA | | | |

| Amount Past Due | $50.00 |
|---|---|

Please be advised that you are in default of your payment arrangements regarding the above-referenced account.

We request that you immediately bring your payments up to date by remitting the "amount past due" as indicated above. By doing so, you can avoid the possibility of additional collection activity by this office.

If you have already mailed your payment, please disregard this notice.

You are invited to visit our website **www.lawofmnk.com** to resolve this debt privately, or to write to us or to update your personal information. At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account.

## PLEASE ADDRESS ALL PAYMENTS TO:
Law Offices of Mitchell N. Kay, P.C.
7 Penn Plaza, New York, NY 10001-3995

### Notice: Please see reverse side for important information.

74CSMNKP02MDL

\*\*\*Please Detach Lower Portion and Return with Payment\*\*\*

MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA

*Law Offices of Mitchell N. Kay, P.C.*
PO Box 9006
Smithtown, NY 11787-9006
RETURN SERVICE REQUESTED
03813153M2082C090.C00000MKMMDL

Reference #: 03813153-11
Balance:        $16,504.02
Amount Past Due: $50.00
**Amount Enclosed: $_____**

**TO MAKE A PAYMENT BY CREDIT CARD.**
**PLEASE CALL THE NUMBER SHOWN ABOVE**

Check here if new address information listed on back

0381315311-MDL      211599618

PERSONAL AND CONFIDENTIAL
BRENDA O BUNNELL
2433 Valentine Ave Apt 2N
Bronx NY 10458-5348

SEE REVERSE
SIDE FOR
REMITTANCE ADDRESS

0038131531150820094000000000000000000001650402 0MDL

# Exhibit E

# Law Offices of Mitchell N. Kay, P.C.

**N.Y. Office**
7 Penn Plaza
New York, NY 10001
** Admitted in New York & Washington D.C.**

*Office Hours:*
*Mon.-Thurs. 8:00 am to 9:00 pm EST*
*Friday 8:00 am to 6:00 pm EST*
*Saturday 8:00 am to 12:00 Noon EST*

**Call Toll Free:**
**(800) 275-4860**
*Mrs. Julius*

September 20, 2009

**Reference Number ▶ 03813153-11**

| Account Number ▶ | | RE ▶ BRENDA BUNNELL | |
|---|---|---|---|
| | Balance ▶ $16,558.62 | | |
| Creditor ▶ MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA | | | |

| Amount Past Due | $100.00 |
|---|---|

Please be advised that you are in default of your payment arrangements regarding the above-referenced account. Unless we immediately receive the "amount past due" as indicated above, this office may terminate your payment plan and proceed with collection.

Remember, by remitting to our office today the "amount past due," you will be able to continue paying off your obligation under the agreement originally set up for you by this office.

If you have any questions regarding this letter or your account, please contact this office at the number(s) provided above.

You are invited to visit our website **www.lawofmnk.com** to resolve this debt privately, or to write to us or to update your personal information. At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account.

## PLEASE ADDRESS ALL PAYMENTS TO:
Law Offices of Mitchell N. Kay, P.C.
7 Penn Plaza, New York, NY 10001-3995

**Notice: Please see reverse side for important information.**

74CSMNKPC2MD2

***Please Detach Lower Portion and Return with Payment***
MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA

*Law Offices of Mitchell N. Kay, P.C.*
PO Box 9006
Smithtown, NY 11787-9006
RETURN SERVICE REQUESTED
0381315382092009C.000000XKKMD2

Reference #: 03813153-11
Balance:    $16,558.62
Amount Past Due: $100.00
Amount Enclosed: $_____

**TO MAKE A PAYMENT BY CREDIT CARD,**
**PLEASE CALL THE NUMBER SHOWN ABOVE**

September 20, 2009

Check here if new address information listed on back

0381315311-MD2      224703169
PERSONAL AND CONFIDENTIAL
BRENDA O BUNNELL
2433 Valentine Ave Apt 2N
Bronx NY 10458-5348

| SEE REVERSE |
| SIDE FOR |
| REMITTANCE ADDRESS |

00381315311509200920000000000000000000016558621MD2

# Exhibit F

# Law Offices of Mitchell N. Kay, P.C.

**N.Y. Office**
7 Penn Plaza
New York, NY 10001
**Admitted in New York & Washington D.C.**

*Office Hours:*
*Mon.-Thurs. 8:00 am to 9:00 pm EST*
*Friday 8:00 am to 6:00 pm EST*
*Saturday 8:00 am to 12:00 Noon EST*

**Call Toll Free:**
**(800) 275-4860**
**Mr. Kanelopoulos**

October 16, 2009

### Reference Number ► 03813153-11

| Account Number ► | | RE ► BRENDA BUNNELL | |
|---|---|---|---|
| | Balance ► $16,611.34 | | |
| Creditor ► MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA | | | |

This is to advise you that the above account has been referred to this office. This letter shall serve as a demand upon you for payment of the judgment balance indicated above.

We have been authorized to proceed with whatever legal means are available in order to recover the amount now due. This may include garnishment of wages, if permissible in your state. Should any further proceedings be rendered necessary as a result of your failure to respond to this notice, additional costs and interest may be added.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## PLEASE ADDRESS ALL PAYMENTS TO:
Law Offices of Mitchell N. Kay, P.C.
7 Penn Plaza, New York, NY 10001-3995

### Notice: Please see reverse side for important information.

74CSMNKP02M01

***Please Detach Lower Portion and Return with Payment***
MKM ACQUISITIONS LLC, ASSIGNEE OF THE CHASE MANHATTAN BANK USA VISA

*Law Offices of Mitchell N. Kay, P.C.*
PO Box 9006
Smithtown, NY 11787-9006
RETURN SERVICE REQUESTED
03813153M21016090.000000MKMKC1

Reference #: 03813153-11
Balance:    $16,611.34
Amount Enclosed: $_____

TO MAKE A PAYMENT BY CREDIT CARD,
PLEASE CALL THE NUMBER SHOWN ABOVE

October 16, 2009

Check here if new address information listed on back

0381315311-MJ1    237647628
PERSONAL AND CONFIDENTIAL
BRENDA O BUNNELL
2433 Valentine Ave Apt 2N
Bronx NY 10458-5348

SEE REVERSE
SIDE FOR
REMITTANCE ADDRESS

0038131531151016098000000000000000000001661134MJ1

# Exhibit G

10/29/09

Brenda Bunnell
2433 Valentine Ave. #2N
Bronx, NY  10458


Law Offices of Mitchell N. Kay PC
7 Penn Plaza  Sc
NY  NY  10001

To Whom It MAY Concern:

I received a letter from your office
dated 10/16/2009 in which you say that
I owe $16,611.34 to MKM Aquisitions
LLC, Your reference # is 03813153-11.
I dispute this debt.


In 2004 I was contacted by your
office and agreed to pay $25.00 per
month towards a debt of about $7,000.00.
After that I paid $25.00 a month
every month without fail for the past
5 years. Each month you sent me
an acknowledgement of my $25.00 payment

①

That showed a balance reduced by exactly $25.00 from the previous month.

Then in July 2009 you sent me and acknowledgement for my $25.00 payment and a new balance of $16,423.06.

In August and September you sent more letters demanding $50.00 payments towards this new and increased balance.

On September 26, 2009 I called your office to dispute the balance. One of your employees told me that the Law Offices of Mitchell N. Kay no longer had this account because it had been taken back by Chase. I was told to get in touch with Chase. Then on October 16, 2009 I received a demand from your office for payment of a judgement balance of $16,611.34.

②

Please provide me w̄ a copy of the judgement and please show me how you have determined that I owe the new *amount* you claim I owe.

Sincerely

*Brenda Bunnell*

Brenda Bunnell

I am sending this letter by certified mail return receipt requested.

③